

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Ella Mae Murphy, Member
State Board of Hairdressers and Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. O-2282
Re: Persons entering school of
beauty culture for less than
a six months' course of one
thousand hours.

We are in receipt of your request for an opinion
upon the following questions:

"I . . . . Is a person who had experience
prior to the passage of this Act entitled to
come before the Board for an examination with-
out having first completed a one thousand hour course
in not less than six months in a licensed
beauty school?

"II. If Questions numbered I. is answered
in the affirmative, would such a person be en-
titled to enroll in a beauty school for less
than a one thousand hour course or for a so-
called 'Brush-up Course.'

"III. Should Question numbered II. be an-
swered in the negative and question numbered I.
the affirmative, would the Board have the author-
ity to compel a student to complete a six months'
course of one thousand hours if such a person
who had had experience prior to the passage of
the Law be found enrolled for a one thousand
hour course or not enrolled at all in view of·
registrations filed with our Office? Further,
would the Board have the authority to file suit
against the school under Section 19a?

"IV. Would a beauty culture school be per-
mitted to enroll a person who _holds_ a current

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

license, that is an operator's, manicurist's
or instructor's, for less than a six months'
course of one thousand hours?

"V. Would a school be entitled to enroll
a person for less than a six months' course of
one thousand hours who has held a license in
the State of Texas or another State, but who
has allowed same to expire, and failed to re-
new said license within one year after its ex-
piration date?"

We call attention to the following pertinent
provisions of Article 734(b), Penal Code, the Texas Beauty
Culture Law:

"Section 11. It shall be competent for
any person, firm or corporation to apply to the
State Board of Hairdressers and Cosmetologists
for a certificate of registration as a school
of beauty culture upon the payment of One Hun-
dred Dollars ($100).

"(a) No school of Beauty Culture shall be
granted a certificate of registration unless it
. . .shall require a school term of not less
than one thousand (1,000) hours to be completed
in not less than six (6) months for a complete
course of all or a majority of the practices of
hairdressing and cosmetology."

"Sec. 14. Non-resident hairdressers or cos-
metologists and graduates of licensed schools
may only apply for examination under the Act up-
on the payment of the examination and license
fee and shall have served the required time as
a student or have been engaged in the practice
of hairdressing and cosmetology for two (2)
years in a State having requirements equal to
the requirements as provided in this Act."

"Sec. 16. (a) All persons who were engag-
ed in the actual practice of hairdressing and/
or cosmetology within the State for more than
twelve (12) months prior to the passage of this
Act shall be entitled to a certificate without
examination upon the payment of a registration
fee of Three Dollars ($3) accompanied by an af-
fidavit certifying to the fact that such person

was actually so engaged for the period afore-
mentioned.

"(b)  Each application for examination to
the State Board shall be accompanied by a cash-
ier's check or post office money order for the
sum of Ten Dollars ($10)."

"Sec. 19.  The said Board created by this
Act shall have the power to revoke or suspend
certificate provided in this Act, when the reg-
istrant or licensee shall have been convicted
of having violated any of the provisions of
this law or shall have been convicted of a fel-
ony or shall have been convicted of drunkenness
or of any offense in either the State or Federal
Court involving the illegal use, sale or trans-
portation of intoxicating liquor or narcotic
drugs, and any person so charged shall have the
right of trial by jury in the county or district
where such offense is alleged to have been com-
mitted before the revocation or cancellation of
such license shall become effective.

". . ."

Section 16 (a) is the only provision of the Beauty
Culture Law concerning the persons engaged in the actual
practice of hairdressing and/or cosmetology within the state
prior to the passage of the Act.

It exempts such practitioners for more than twelve
(12) months from examination "upon the payment of a regis-
tration fee of Three Dollars ($3) accompanied by an affi-
davit certifying to the fact that such person was actually
so engaged for the period aforementioned."

In Opinion No. O-1764 of this department it was
held that for an instructor or a practitioner to have taken
advantage of the statutory exemption from examination he must
have applied for such license within one year after August
31, 1936.  It was further held in this opinion that "other-
wise, upon an application for license thereafter, such in-
structor or practitioner may be compelled to submit to the
statutory examination before being entitled to a license."

The question before us is whether or not the
qualified practitioner, prior to the passage of the Act,
who because of failure to apply within the time limit
has to take the statutory examination must also complete

a one thousand hour course in not less than six months in a licensed beauty school.

Where such person was engaged in the practice of hairdressing and/or cosmetology in Texas for more than twelve months prior to the passage of the Act and is required to take the examination, we do not believe that it is also necessary for such practitioner to complete the prescribed statutory beauty school course for non-practitioners or practitioners prior to the Act who had not been engaged in hairdressing or cosmetology for more than twelve months prior to its passage.

In the first place, it was plainly the intent of the Legislature to exempt practitioners of more than twelve months standing prior to the passage of the Act from the examination if they paid the registration fee and filled the affidavit required within the prescribed period. It follows that the penalty for not registering is the taking of the examination. The Act does not expressly state, and it cannot be reasonably implied, that in addition to taking the examination a practitioner who failed to qualify for exemption would also be required to take the statutory beauty culture course.

A careful examination of the Act does not disclose any provision to the effect that the one thousand hour course within a six months period in a licensed beauty school is a condition precedent to the taking of an examination by persons engaged in actual practice for more than twelve months prior to the Act.

We feel that this construction of Section 16 is supported by the provision in Section 14 of the Beauty Culture Law to the effect that non-resident hairdressers and cosmetologists who have "engaged in the practice of hairdressing and cosmetology for two (2) years in a State having requirements equal to the requirements as provided in this Act."may apply for the examination without completing the statutory beauty course.

It was obviously not the intention of the Legislature to allow out-of-state practitioners with two years experience to take the examination without serving the required time as a student and then require Texas practitioners with more than one year 's experience  prior to the Act to complete a beauty culture course before taking the examination.  It cannot be presumed that the Legislature would discriminate against the State practitioners, but rather that it meant to favor them by prescribing only a twelve

months period of practice instead of a two year period as a prerequisite of an examination.

It is our opinion that your first question is answerable in the affirmative as to those persons who practiced hairdressing and/or cosmetology more than twelve months prior to the passage of the Act. We agree with the opinion of T. F. Morrow, Assistant Attorney General, dated May 24, 1938, on the same question.

Section 18 (a) provides that a school of beauty culture must have a school term of not less than one thousand (1000) hours to be completed in not less than six (6) months. Otherwise, said school shall not be granted a license. Section 19 provides for revocation or suspension of certificate upon violation of any of the provisions of the law.

We construe Section 11 (a) to require a registered beauty culture school to have a standard school term of not less than one thousand (1000) hours to be completed in not less than six (6) months. This standard course is the regular course for students who are preparing for the examination and who have not practiced hairdressing and/or cosmetology for more than twelve months prior to the passage of the Beauty Culture Law. We find nothing in the Act to prevent a registered beauty culture school from unofficially conducting a special review course for a person or persons who practiced more than twelve months prior to the passage of the Act, and yet failed to take advantage of the exemption from the examination. Furthermore, we find no prohibition in the Act against such a person attending a beauty school for a "brush-up course". The Act does not require attendance of the twelve months practitioners prior to the Act, neither does it forbid it. Enrollment would be unofficial, since such a person would not be compelled to take the required course. But as long as the school conducted the regular course for regular students, it would not be violating any provision of the law by instructing a voluntary student.

Pursuant to this reasoning it is our opinion that your second question should be answered in the affirmative, your third in the negative, and questions four and five in the affirmative.

We wish to point out that in the construction of this statute, we have not concerned ourselves with the wisdom of the law as it now stands. It is the province of the Legislature to remedy the defects in an existing enactment.